[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION Re: DEFENDANTS' MOTION TO STRIKE COUNTS FIVE AND TWELVE OF THE PLAINTIFFS' AMENDED COMPLAINT MOTION (130.00)
 Facts and Procedural History
On July 9, 1996, the plaintiffs, William Kosbob, father and next best friend of Matthew Kosbob, William Kosbob, individually and Maureen Kosbob filed a seven count complaint against numerous defendants.
On June 11, 1997, the plaintiffs filed a twelve count amended CT Page 10994 complaint against the following defendants: Washington Alvarez; Washington Alvarez, Sr.; Maria C. DeAlvarez; Anthony Bellocchio; Anne McNamara; Jarrell Crawford; Michael Ponticello; Salvatore Ponticello; Clara Ponticello; the city of Stamford; members of the board of education of the city of Stamford (Jerry C. Pia; Mark Katz; Marc D. Peyser; Pat Broom; Eileen M. Iannazzi; Robert E. King; Jill Beaudry; Dannel P. Malloy; James Serafino); Michael Nast; Lynda Hautala; Theodore Boccuzzi; and the board of education of the city of Stamford.
The following relevant facts are alleged in the amended complaint: On July 28, 1995, fifteen year old Matthew Kosbob was on the premises of the Davenport Ridge School parking lot. At approximately 9:45 p. m., while still on the premises of the Davenport School parking lot, Washington Alvarez, Anthony Bellocchio, Jarrell Crawford, and Michael Ponticello repeatedly struck Matthew Kosbob. As a result of this assault, Matthew Kosbob received serious injuries. He must remain in bed and his life is dependent on medical machines. Some or all of Matthew Kosbob's injuries may be permanent.
The Davenport Ridge School parking lot is owned by the city of Stamford and was under the supervision and control of the city of Stamford and/or defendants, the board of education of the city of Stamford, members of the board of education of the city of Stamford (Jerry C. Pia, Mark Katz, Marc D. Peyser, Pat Broom, Eileen M. Iannazzi, Robert E. King, Jill Beaudry, Dannel P. Malloy, James Serafino), Michael Nast, Lynda Hautala, and Theodore Boccuzzi.
Count five of the complaint alleges that Matthew Kosbob's injuries were caused by Washington Alvarez, Anthony Bellocchio, Jarrell Crawford, and Michael Ponticello acting as members of a mob, riotous assembly or assembly of persons engaged in disturbing the public peace. Count five alleges that the city of Stamford failed to exercise reasonable care in the prevention or suppression of such mob engaged in disturbing the peace in that the city of Stamford knew or should have known that such mobs, riotous assemblies or assemblies of persons engaged in disturbing the public peace congregated at Davenport Ridge parking lot, and yet failed to gate or chain the entrance way to it; failed to adequately patrol the premises; failed to adequately light the premises; failed to install security cameras; failed to post any "No Trespassing" or other warning signs. Count five alleges that the city of Stamford is liable to the plaintiffs pursuant to CT Page 10995 General Statutes § 7-108.
Count twelve alleges that there existed a nuisance on the Davenport Ridge School premises in that the premises were dimly lit, secluded, and an unsupervised location where minors congregated and engaged in underage drinking. The city of Stamford and/or the board of education of the city of Stamford created and maintained a recurring nuisance at the Davenport Ridge School by unreasonably failing to gate or chain the entrance way to it; failing to adequately patrol the premises; failing to adequately light the premise; failing to provide adequate security for the premises; failing to post any "No Trespassing" or other warning signs at the premises.
On October 3, 1997, the city of Stamford, the board of education of the city of Stamford and members of the board of education (Dannel Malloy, Jerry Pia, Mark Katz, Marc Peyser, Pat Broom, Eileen Iannazzi, Robert King, Jill Beaudry) and employees of the board of education of the city of Stamford (Michael Nast, Superintendent of Schools, Linda Hautala, Assistant Superintendent of Schools, and Theodore Boccuzzi, principal of Davenport Ridge School) filed a motion to strike counts five and twelve of the plaintiffs' amended complaint on the ground that the allegations set forth in these counts fail to state a cause of action upon which relief may be granted. The city of Stamford also filed a memorandum of law in support of its motion to strike.
On December 5, 1997, the plaintiffs filed a memorandum of law in opposition to the city of Stamford's motion to strike.
On January 30, 1998, the city of Stamford filed a reply brief in support of its motion to strike.
On February 9, 1998, the plaintiffs filed a supplemental memorandum of law in opposition to the motion to strike.
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross-claim, or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 152, now Practice Book (Rev. 1998) § 10-39(a). CT Page 10996
"The function of a motion to strike is to test the legal sufficiency of a pleading; it admits facts well pleaded. See Practice Book § 152. The role of the trial court is to examine the complaint, construed in favor of the [plaintiff], to determine whether the pleading party has stated a legally sufficient cause of action. . ." (Citation omitted; internal quotation marks omitted.) Dodd v. Middlesex Mutual Assurance Co.,242 Conn. 375, 378, 689 A.2d 859 (1997).
 Count Five
The city of Stamford moves to strike count five of the plaintiffs' complaint on the ground that it fails to state a cause of action under § 7-108, because the plaintiffs do not allege that the city of Stamford had notice of the mob, riotous assembly, or assembly engaged in disturbing the public peace that occurred on July 25, 1995 at the Davenport Ridge School parking lot. The city of Stamford argues that the plaintiffs' complaint only alleges in count five that it should have known that Davenport Ridge School parking lot was a potential hangout and place where minors could fight.
The plaintiffs counter that in order to state a cause of action under § 7-108, they are not required to allege that the police had actual notice of a mob, riotous assembly or assembly engaged in disturbing the public peace. The plaintiffs argue, moreover, that § 7-108 provides a cause of action for police failure to prevent or failure to suppress a mob, riotous assembly or assembly of persons engaged in disturbing the public peace. According to the plaintiffs, the city of Stamford could be liable for failing to prevent a mob, riotous assembly or assembly of persons engaged in disturbing the peace, if the police could reasonably anticipate that this would occur. In the present case, the plaintiffs argue that the city of Stamford could reasonably foresee that violence would occur because the city of Stamford knew or should have know that such mobs, riotous assemblies, or assemblies of persons engaged in disturbing the public peace regularly congregated at Davenport Ridge School parking lot. Moreover, the city of Stamford knew or should have known that the Davenport Ridge School parking lot was a notorious drinking spot for teenagers.
The city of Stamford counters in their reply brief that the plaintiffs' interpretation of § 7-108 would make the city of Stamford liable for all crimes that occur to persons for failure CT Page 10997 to anticipate and arrest unknown people who commit criminal acts before the crime occurs.
The plaintiffs respond in their reply brief in opposition to the motion to strike that under their interpretation of § 7-108, the city of Stamford would only be liable for injuries to persons or property that occur as a result of the city of Stamford's negligent failure to prevent or suppress a mob, riot, or assembly of persons engaged in disturbing the public peace.
Section 7-108 states in relevant part:
 Each city and borough shall be liable for all injuries to person or property, including injures causing death, when such injuries are caused by an act of violence of any person or persons while a member of, or acting in concert with, any mob, riotous assembly or assembly of persons engaged in disturbing the public peace, if such city or borough, or the police or other proper authorities thereof, have not exercised reasonable care or diligence in the prevention or suppression of such mob, riotous assembly or assembly engaged in disturbing the public peace.
"General Statutes § 7-108 is a legislative waiver of sovereign immunity, and therefore must be construed narrowly."Sestito v. Groton, 178 Conn. 520, 524, 423 A.2d 165 (1979). "In order to recover damages under this statute, a plaintiff must prove that the defendant town owed a duty of reasonable care or diligence as prescribed in the statute, and breached that duty, thereby causing injury compensable by damages." Id.
Although there are several cases that interpret § 7-108,[1]
only Gonzalez v. City of Bridgeport, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 253464 9 CONN. L. RPTR. 202 (June 4, 1993) (Fuller, J.), discusses whether the police must have notice of a mob disturbing the peace in order to be liable under § 7-108. InGonzalez v. City of Bridgeport, supra, the plaintiff's decedent was killed by three gang members in the Seaside Park area of Bridgeport. Almost three weeks prior to this incident, the decedent was assaulted by the same three gang members. At that time, the decedent and his family filed an assault complaint with the Bridgeport police department against the three gang members. The plaintiff alleged that if the police had arrested the three gang members, the decedent would not have CT Page 10998 been killed three weeks later. Count one of the plaintiff's complaint alleged that the police were liable for the decedent's death pursuant to § 7-108.
The court (Fuller, J.) granted the city's motion for summary judgment as to the plaintiff's claim under § 7-108, as the plaintiff failed to present any evidence that the police had reasonable notice that the three gang members would start a mob or riot. "[I]n order for the city and its officers to be responsible for injuries sustained at a mob or riot, there must be some facts indicating to them that one is about to occur. . . Since there was no indication that the three individuals would shoot an unidentified member of the public when they did, there is no evidence that the defendants failed to exercise reasonable care and diligence in the suppression of a mob or riot. There was no indication that a mob, riot or assembly amounting to disturbing the public peace would occur when and where the decedent was shot." (Citation omitted; internal quotation marks omitted.) Id.
The court concluded, "[w]hile the statute does not require the police to have exact, prior knowledge of the victims of a mob or riot, they clearly had no notice of any imminent danger to the decedent, had no duty to provide police protection to him specifically and could not know that he would be the focal point of a mob or riot in the future." Gonzalez v. City of Bridgeport,supra, Superior Court, Docket No. 253464.
The plaintiffs' complaint alleges that "the city of Stamford failed to exercise reasonable care or diligence in the prevention or suppression of [Washington Alvarez, Anthony Bellocchio, Jarrell Crawford, and Michael Ponticello acting as members of] such mob, riotous assembly, or assembly of persons engaged in disturbing the public peace." (Complaint, Count Five, ¶ 14.) The plaintiffs' complaint further alleges that the city of Stamford "knew or should have known that such mobs, riotous assemblies or assemblies of persons engaged in disturbing the public peace congregated at the said Davenport Ridge School parking lot and yet failed to chain the entrance way . . . failed to adequately patrol the premises . . . failed to adequately light the premises . . . failed to install security cameras . . . failed to post any "No Trespassing," or other warning signs." (Complaint, Count Five, ¶ 14(a-e).)
Contrary to Gonzalez v. City of Bridgeport, supra, in the present case, the plaintiffs alleged that the city of Stamford CT Page 10999 knew or should have known that mobs, riotous assemblies, or assemblies of persons engaged in disturbing the public peace occurred frequently at the Davenport Ridge School parking lot. Thus, the complaint alleges that the city of Stamford had some "indication that a mob, riot or assembly amounting to disturbing the public peace would occur when and where the [victim was attacked]." Gonzalez v. City of Bridgeport, supra, Superior Court, Docket No. 253464, CONN. L. RPTR. 202.
Construing the facts alleged in the complaint most favorably to the plaintiffs, the plaintiffs have sufficiently alleged a cause of action under § 7-108. Accordingly, it is submitted that the city of Stamford's motion to strike count five is denied.
 Count Twelve
The city of Stamford and the board of education of Stamford, its members and its employees (collectively "city of Stamford") also move to strike the plaintiffs' nuisance claim. The city of Stamford argues that the complaint fails to state a nuisance claim because count twelve fails to allege that the city of Stamford created the nuisance through their own actions. Count twelve also fails to state a nuisance claim, according to the city of Stamford, because it fails to identify an inherently dangerous condition that was created by the defendants.
The plaintiffs respond that a municipality may be liable for intentionally maintaining a nuisance that it did not create.
"A common law nuisance claim consists of four core elements: (1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; and (4) the existence of the nuisance was the proximate cause of the plaintiffs' injuries and damages. . ." (Citation omitted; internal quotation marks omitted.) Elliott v.City of Waterbury, 245 Conn. 385, 420, (1998). A claim of public nuisance additionally requires the plaintiff to prove that the nuisance interfered with a right common to the general public. Id., 421. "Finally, in order to overcome the governmental immunity of municipal defendants . . . the plaintiff must prove that the defendants, by some positive act, intentionally created the conditions alleged to constitute a nuisance." Id., 421. CT Page 11000
The plaintiffs argue that the Supreme Court in Keeney v. Townof Old Saybrook, 237 Conn. 135, 676 A.2d 795 (1996), changed the law regarding a municipality's liability for a public nuisance. According to the plaintiffs, the Supreme Court held in Keeney v.Town of Old Saybrook, supra, that a municipality may be liable for a public nuisance if the municipality intentionally maintains a nuisance that it did not create.
In Keeney v. Town of Old Saybrook, supra, however, the Supreme Court held that within the context of the Water Pollution Control Act; General Statutes § 22a-427; and the Environmental Protection Act; General Statutes § 22a-14; a municipality may be liable for a public nuisance that it created by its failure to act. The Supreme Court held, "[w]ithout deciding what the law of municipal liability may be in other contexts, in light of the strong public policy manifested by the environmental protection statutes, we conclude that a municipality may be liable for public nuisance that it intentionally creates through its prolonged and deliberate failure to act to abate that nuisance." (Footnote omitted.) Keeney v. Town of Old Saybrook, supra,237 Conn. 135, 166.
In Elliott v. City of Waterbury, supra, moreover, the Supreme Court reiterated that a plaintiff must prove that a municipal defendant through its affirmative acts intentionally created the condition alleged to constitute a nuisance in order to be liable for a claim of common law public nuisance.
In order to state a legally sufficient claim of common law public nuisance against a municipal defendant, a plaintiff must allege in their complaint that a municipality through its affirmative acts intentionally created the conditions alleged to constitute a nuisance. See Whitfield, PPA v. Town of Enfield, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 572428 (March 10, 1998, Teller, J.).
In count twelve, the plaintiffs allege that the city of Stamford created and maintained a recurring nuisance at Davenport Ridge School by failing to gate or chain the entrance way to it; failing to adequately patrol the premises; failing to adequately light the premises; failing to provide adequate security for the premises; failing to post any "No Trespassing," or other warning signs at the premises. (Complaint, Count Twelve, ¶ 5) The plaintiffs fail to allege that the city of Stamford created a public nuisance through their own affirmative actions. CT Page 11001 Accordingly, the plaintiffs fail to state a legally sufficient claim of public nuisance. Therefore, the city of Stamford's motion to strike count twelve of the plaintiffs' complaint is granted.
The city of Stamford's motion to strike count five is denied. The city of Stamford's motion to strike count twelve is granted.
KARAZIN, J.